UNITED STATES v. NEW YORK CENT. & H. R. R. CO.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 78.

MASTER AND SERVANT (§ 13*)—RAILROADS—OPERATION—HOURS OF SERVICE LAW—CASUALTY.

Where a hot box constituted a sufficient excuse for delay of a train, compelling employés to work beyond the term of service prescribed by the Hours of Service Law, the delaying of the train necessitated by waiting for other trains to pass, necessarily resulting from the hot box, should be computed in figuring the time of excused delay.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*

Hours of service of employés, see note to United States v. Houston Belt & T. Ry. Co., 125 C. C. A. 485.]

In Error to the District Court of the United States for the Western District of New York.

This cause comes here upon writ of error to review a judgment of the District Court, Western District of New York; in favor of defendant in error, which was defendant below. The judgment was entered on the verdict of a jury.

W. Palmer, Asst. U. S. Atty.

L. F. Gilbert, of Buffalo, N. Y., for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge.   The action is brought to recover penalties for alleged violation of the Hours of Service Act in overworking six employés engaged in moving interstate traffic between Dresden and Corning.  It involves the question presented in United States v. Delaware, Lackawanna & Western Railroad, 218 Fed. 608, 134 C. C. A. 366, opinion in which case is handed down to-day, viz., whether upon the facts proved defendant is brought within the proviso clauses of the act.

The overtime as to engineer and fireman was 1 hour and 40 minutes; as to conductor and brakeman, 1 hour and 35 minutes.  There was evidence that the movement of the train was delayed by a hot box, and that, while so delayed, other trains ran into a block while it was on a siding, thereby causing further delay.  The government contends that a hot box is not such a casualty as will come within the proviso of the act, and that the jury should have been instructed to bring in a verdict for the plaintiff.

The court instructed the jury as follows:

"Nothing has been discovered or invented to prevent or overcome the heating of journals in connection with the driving arrangement of a locomotive. I think we may almost take judicial notice of the fact that hot boxes are more or less frequent, and, when they occur, the train must stop, and means must be taken to lubricate the packing, and there is delay in allowing the box or receptacle in which the journal is contained to cool."

The jury was further instructed that:

It "was not enough for the defendant to show that the delay was caused * * * by a hot box or journal, but it must be shown to your satisfaction that the cause of delay could not have been foreseen or prevented by the exercise of such care and diligence as the condition and situation required. The defendant must have had on hand and ready for use proper and sufficient material for packing—must show that there was proper inspection before the train went on its run, or during the course of its run; that reasonable care was exercised to prevent delays to the employés of the character specified in the statute. * * * Evidence was given in detail to show just what was done regarding inspection and the prevention of any delay, and it remains for you to determine as a question of fact whether reasonable care was taken to anticipate such an occurrence."

The charge was not excepted to; but exception was reserved to an instruction, given at defendant's request, that if the delays in waiting for trains to pass were the necessary results of a hot driving box, and the hot box was an excuse sufficient to bring the defendant within the exceptions of the statute, then the delays in passing trains might be computed in figuring the time.   It is pointed out that the time actually spent in cooling and repacking the heated box, one hour and a half, is insufficient to account for all the overtime.   There is five to ten minutes additional.   But it clearly appeared that, by the time the train in question had been put in proper condition to move on out of the siding where the box had been cooled and repacked, other trains had run

into the block into which this siding opened, and progress could not be made until they cleared it. We find no error in giving the cause to the jury under these instructions.

Judgment affirmed.