UNITED STATES v. LEHIGH VALLEY R. CO.

(Circuit Court of Appeals, Second Circuit.   December 15, 1914.)

No. 21.

MASTER AND SERVANT ⊚⟹17—RAILROADS—REGULATION—HOURS OF SERVICE—
UNAVOIDABLE ACCIDENT—QUESTION FOR JURY.

Where the casualties or unavoidable accidents relied on by a railroad company to exempt it from liability for violating the federal Hours of Service Law (Act March 4, 1907, c. 2939, 34 Stat. 1415 [Comp. St. 1913, § 8677]) were an unusually high wind while a train was going up a grade, a broken tail pin, and a hot box, and there was testimony as to the nature of the flaw in the tail pin, and also as to what had been done as to packing and inspecting the bearing that heated, the government was entitled to submission of the question whether the delay was due to unavoidable accident, or to causes which might have been avoided by proper foresight and inspection, to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 16; Dec. Dig. ⊚⟹17.]

In Error to the District Court of the United States for the Western District of New York.

This cause comes here on writ of error to review a judgment of the District Court, Western District of New York, in favor of defendant in error, who was defendant below.  The action was brought to recover statutory penalties for alleged violation of the federal Hours of Service Law.  At the close of the testimony the trial judge directed a verdict in favor of defendant.

John Lord O'Brian, U. S. Atty., of Buffalo, N. Y.
L. M. Bass, of Buffalo, N. Y., for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge.  We have recently had occasion to consider this statute in two opinions which were filed in November, 1914—U. S. v. Del., L. & W. R. R., 218 Fed. 608, 134 C. C. A. 366, and U. S. v. N. Y. C. & H. R. R., 218 Fed. 611, 134 C. C. A. 369.  It will not be necessary to repeat the citations from the statute nor the references to decisions which will be found in those opinions.

The casualties or unavoidable accidents which in the case at bar were relied on to bring it within the provisions of the third section of the statute were an unusually high wind while the train was going up a grade, a broken tail pin, and a hot box.  The delays occasioned by a concurrence of all three caused the statutory hours of service to be exceeded.  The breaking of parts of cars or engine and the heating of journals are matters of not infrequent occurrence, and are guarded against by inspection and carefulness in handling trains.  Inspection and care will not wholly prevent breakage or heating, but they will make such accidents less frequent.  In the New York Central Case, supra, where the case was sent to the jury, we approved the instruction given by the court that it—

"was not enough for the defendant to show that the delay was caused by a hot box or journal, but it must be shown to your satisfaction that the

cause of delay could not have been foreseen or prevented by the exercise of such care and diligence as the condition and situation required. The defendant must have on hand and ready for use proper and sufficient material for packing, must show that there was proper inspection before the train went on its run or during the course of its run, that reasonable care was exercised to prevent delays to the employés of the character specified in the statute. * * * Evidence was given in detail to show just what was done regarding inspection and the prevention of any delay, and it remains for you to determine as a question of fact whether reasonable care was taken to anticipate such an occurrence."

This was in accordance with the course approved by the Circuit Court of Appeals for the Eighth Circuit in U. S. v. Kansas City Southern Railroad, 202 Fed. 828, 121 C. C. A. 136, where delay arose because of leaky flues and a defective shaker-rod, and the court said that the—

"case should have been submitted to the jury, under appropriate instructions, to determine whether the defendant has taken proper precautions to see that its engine was in proper condition when it started, and whether the delays which occurred were the result of causes which could not have been foreseen by exercise of the necessary diligence and foresight."

In the Delaware-Lackawanna Case, supra, there was a break in the knuckle of a drawhead and the blowing out of a cylinder head. There was testimony as to what inspection there had been of these parts, and the court directed a verdict for defendant. We reversed, holding that, as all this testimony came from employés of defendant, the government was entitled to have the cause sent to the jury under appropriate instructions.

In the case at bar there was testimony as to the nature of the flaw in the tail pin, and also as to what had been done as to packing and inspection of the bearing which heated. In view of our two decisions above referred to, we think this testimony should have been submitted to the jury, as it was in the New York Central Case, under proper instructions.

The judgment is reversed.